IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 16, 2026

## LACARL TIGG v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**No. 56612   James A. Turner, Judge**

_____

**No. M2025-01894-CCA-R3-PC**

_____

The petitioner, LaCarl Tigg, appeals from the Circuit Court of Rutherford County's dismissal of his petition for post-conviction DNA Analysis and his pro se motion to vacate his guilty plea which the post-conviction court treated as a petition for post-conviction relief. Upon our review of the record and the parties' briefs, we affirm the post-conviction court's dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. Ross Dyer, J., delivered the opinion of the court, in which Robert L. Holloway, Jr., and Matthew J. Wilson, JJ., joined.

Amanda Gentry, Nashville, Tennessee, for the appellant, LaCarl Tigg.

Jonathan Skrmetti, Attorney General and Reporter; Kelly M. Telfeyan, Assistant Attorney General; Jennings H. Jones, District Attorney General; and Trevor H. Lynch, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

On February 8, 2005, a Rutherford County grand jury indicted the petitioner with two counts of aggravated rape, one count of theft of property over $500, and one count of attempted aggravated rape. On April 11, 2005, the petitioner pled guilty to the amended offense of rape, a Class B felony. Pursuant to a negotiated plea agreement and his classification as a career offender, the petitioner received a thirty-year sentence with the

Tennessee Department of Correction to be served at 100%.[1]  No appeal was taken from the petitioner's conviction or sentence.

On December 17, 2024, the petitioner filed the instant Petition for Post-Conviction DNA Analysis, requesting the trial court order the DNA testing of physical evidence related to his rape conviction pursuant to the Tennessee Post-Conviction DNA Analysis Act ("the DNA Analysis Act").  *See* Tenn. Code Ann. § 40-30-304.  Specifically, the petitioner requested the bedding, clothing, and other miscellaneous items collected from the crime scene be tested for the presence of DNA.  The petitioner asserted that the evidence at issue was in the possession of the State and in suitable condition for testing.  Further, he claimed his purpose for requesting DNA analysis was to demonstrate his innocence because his conviction was secured solely upon the testimony of the victim.  On February 3, 2025, the post-conviction court appointed counsel for the petitioner.

On April 8, 2025, post-conviction counsel filed a Motion to Preserve Evidence and to Compel a State's Response to the Petition.  The State responded, notifying the trial court that pursuant to a March 25, 2010 court order all items collected from the crime scene had been destroyed.[2]  Additionally, the State argued that the defendant had failed to establish a "reasonable probability" he would not have been prosecuted if the items collected at the crime scene had been tested for DNA.  The State also maintained that there was overwhelming evidence and that the petitioner would have been prosecuted even in the face of favorable DNA evidence.  The State requested the post-conviction court deny the petitioner's request for DNA analysis based upon his failure to establish eligibility under the DNA Analysis Act.

On July 28, 2025, the petitioner, acting pro se, filed a Motion to Vacate Judgment and Withdraw Plea, which the trial court construed as a petition for post-conviction relief.[3]  In his motion, the petitioner alleged his trial counsel was ineffective, his guilty plea was coerced, and the victim had made prior false allegations which the State had failed to disclose.  The State did not file a response.

On August 28, 2025, a hearing was held during which the State requested the post-conviction court summarily dismiss both the petitioner's request for DNA analysis and his

---

[1] The petitioner's sentence was to run consecutively to Case No. 55624, an unrelated felony drug conviction for which he received an additional thirty-year sentence.

[2] The trial court's order approving the destruction of the property found that the objects at issue were "not required for evidence in any pending or potential judicial proceeding."

[3] The petitioner's Motion to Vacate Judgment and Withdraw Plea was initially assigned a new case number—Case No. F-61364.  While it is unclear from the record, at some point while both motions were pending, the post-conviction court construed the motion as a petition for post-conviction relief and had the petitions consolidated under Case No. F-56612.

pro se motion for post-conviction relief. The State argued that the items the petitioner wished to have analyzed for DNA had been legally destroyed pursuant to court order and that the petitioner's post-conviction petition was time barred. Post-conviction counsel insisted the petitioner was entitled to relief, despite the destruction of the evidence, because the petitioner was not put on notice of that destruction. As to the petitioner's pro se request to withdraw his guilty plea, post-conviction counsel stated, "[the petitioner] filed [that petition] on his own," but asked the post-conviction court to "take it as it is in the pleadings."

On October 29, 2025, the post-conviction court summarily dismissed the Petition for Post-Conviction DNA Analysis, concluding the petitioner had failed to establish eligibility within the requirements of the DNA Analysis Act. The post-conviction court found that the physical evidence the petitioner sought to test was lawfully destroyed and no longer available for testing. Additionally, the court found the petitioner's request for post-conviction relief was time barred, as the judgment in the case had become final in 2005. This timely appeal followed.

*Analysis*

The petitioner contends the post-conviction court erred in finding that he was not entitled to relief under the DNA Analysis Act and that he was not entitled to due process tolling of the statute of limitations under the Post-Conviction Procedure Act ("the Act"). Specifically, the petitioner claims that because the items to be tested were destroyed without notice, his post-conviction rights have been unfairly prejudiced. Additionally, the petitioner claims he is entitled to a tolling of the one-year statute of limitations period due to misconduct by his trial attorney. The State insists the post-conviction court properly dismissed the petitions. After review, we agree with the State.

## I.     Petition for Post-Conviction DNA Analysis

The Post-Conviction DNA Analysis Act of 2001 provides,
A person convicted of and sentenced for the commission of first degree murder, second degree murder, aggravated rape, rape, aggravated sexual battery or rape of a child, the attempted commission of any of these offenses, any lesser included offense of any of these offenses, or, at the discretion of the trial judge, any other offense, may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

Tenn. Code Ann. § 40-30-303. A post-conviction court is obligated to order DNA analysis when a petitioner has met each of the following requirements:

(1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;

(2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

(3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Tenn. Code Ann. § 40-30-304. The court may order DNA analysis if it finds "[a] reasonable probability exists that analysis of the evidence will produce DNA results that would have rendered the petitioner's verdict or sentence more favorable if the results had been available at the proceeding leading to the judgment of conviction[,]" in addition to requirements (2) - (4) above. Tenn. Code Ann. § 40-30-305. Failure to meet any of the four criteria is fatal to the action. *Pepper v. State*, No. M2023-00785-CCA-R3-PC, 2025 WL 226793, at *9 (Tenn. Crim. App. Jan. 17, 2025) (citing *Buford v. State*, No. M2002-02180-CCA-R3-PC, 2003 WL 1937110, *6 (Tenn. Crim. App. Apr. 24, 2003)). The post-conviction court is afforded considerable discretion in its decision regarding whether to grant a petitioner relief under the DNA Act, and this Court will not reverse its judgment unless it is unsupported by substantial evidence. *See Alley v. State*, No. W2004-01204-CCA-R3-PD, 2004 WL 1196095, at *3 (Tenn. Crim App. May 26, 2004).

Here, the post-conviction court made the factual finding that the evidence in question was properly destroyed pursuant to court order and no longer available for DNA testing, a finding supported by the record. Therefore, the petitioner has failed to meet a necessary requirement of eligibility of the DNA Analysis Act—the evidence is still in existence and in such a condition that DNA analysis may be conducted. *See* Tenn. Code Ann. § 40-30-304. Accordingly, the post-conviction court did not abuse its discretion by dismissing the petition for failure to adhere to the statutory requirements for DNA analysis. *See Pepper*, 2025 WL 226793, at *10; *see also Nunley v. State*, No. W2014-01776-CCA-R3-PC, 2015 WL 1650233, at *3 (Tenn. Crim. App. Apr. 13, 2015).

Moreover, in the instant case the defendant pled guilty to rape pursuant to a negotiated plea deal. "This court has been reluctant to overturn a post-conviction court's decision denying DNA analysis when a petitioner entered a voluntary guilty plea in the trial court." *Kotewa v. State*, No. E2011-02527-CCA-R3-PC, 2012 WL 5309563, at *5 (Tenn. Crim. App. Oct. 26, 2012) (citing *Crawford v. State*, No. W2010-01676-CCA-R3-PC, 2011 WL 2448925, at *4 (Tenn. Crim. App. June 20, 2011)). While the record does not contain the transcript of the hearing on the guilty plea or the judgment form, the petitioner's guilty plea reflects that he admitted guilt to the offense in the trial court during his allocution. The post-conviction court's dismissal of the petitioner's attempt to assert his innocence two decades after his allocution is supported by the applicable law and the record. The petitioner is not entitled to relief.

## II.      Motion to Vacate Judgment and Withdraw Plea

The petitioner contends the post-conviction court violated his due process rights in denying his motion to withdraw his guilty plea. Specifically, the petitioner claims that the post-conviction court violated his due process rights by denying his petition because he was entitled to a tolling of the statute of limitations based upon the malfeasance of his trial counsel. The State argues the post-conviction court's summary dismissal of the petition was proper. After review, we agree with the State.

The petitioner's request for post-conviction relief through his motion to withdraw his guilty plea was barred by the one-year statute of limitations. The Act provides relief "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-102(a). Post-conviction review is not required by constitutional principles. *See Whitehead v. State*, 402 S.W.3d 615, 621 (Tenn. 2013). Such review is afforded solely as a matter of legislative grace – it is "entirely a creature of statute." *Bush v. State*, 428 S.W.3d 1, 15-16 (Tenn. 2014) (citing *Pike v. State*, 164 S.W.3d 257, 262 (Tenn. 2005)). Accordingly, the "availability and scope of post-conviction relief lies within the discretion of the General Assembly." *Id.* at 15. The legislature "may set up reasonable procedural requirements, such as a statute of limitations, and that a [post-conviction] claim may be terminated for failure to comply with a reasonable procedural rule." *Seals v. State*, 23 S.W.3d 272, 277 (Tenn. 2000) (internal citation omitted).

A petitioner has one year from "the date of the final action of the highest state appellate court" in which to file a petition for relief. Tenn. Code Ann. § 40-30-102(a). If no appeal is taken, the petition must be filed within one year of the date on which the judgment becomes final. *Id.* "Time is of the essence of the right to file a petition for post-conviction relief." *Id.* Untimely filing of a post-conviction petition extinguishes a

petitioner's post-conviction claims. *Id.* A trial court shall not have jurisdiction to consider a post-conviction petition after the expiration of the limitations period unless:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case to which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Tenn. Code Ann. § 40-30-102(b).

While the Act provides for a limited, delineated set of statutory exemptions, none of which are argued or are applicable here, there are instances where due process concerns may still require the one-year statute of limitations to be tolled. *See Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001). "[A] post-conviction petitioner is entitled to due process tolling of the one-year statute of limitations upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Bush*, 428 S.W.3d at 22 (citing *Whitehead*, 402 S.W.3d at 631). "In every case in which we have held the statute of limitations is tolled, the pervasive theme is that circumstances *beyond a petitioner's control* prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations." *Smith v. State*, 357 S.W.3d 322, 358 (Tenn. 2011) (emphasis in original).

The Tennessee Supreme Court has enumerated three situations in which due process tolls the statute of limitations and allows for the consideration of an untimely post-conviction petition. To qualify, a petitioner's circumstances must involve (1) claims for relief that arise after the statute of limitations has expired, (2) mental incompetence preventing a petitioner from complying with statutory deadlines, or (3) attorney misconduct. *See Williams*, 44 S.W.3d at 470-71; *Seals*, 23 S.W.3d at 277-80. Thus, in

order to succeed, a petitioner must provide sufficient facts which prove one of these limited circumstances affected the filing of his post-conviction petition. *Williams v. State*, No. W2011-00202-CCA-R3-PC, 2011 WL 2410364, at *1-2 (Tenn. Crim. App. June 9, 2011), *perm. app. denied*, (Tenn. Oct. 18, 2011). Absent sufficient facts establishing a petitioner is entitled to due process tolling, an untimely petition must be dismissed. *Id.*

The standard of review for due process tolling is a mixed question of fact and law, and, therefore, subject to *de novo* review. *See Whitehead*, 402 S.W.3d at 621. Despite reviewing the post-conviction court's decision *de novo*, we are bound by the post-conviction court's factual findings unless the evidence preponderates to the contrary. *Id.*

Here, the petitioner filed a "Motion to Vacate Judgment and Withdraw Plea" which the post-conviction court considered a petition for post-conviction relief based on the claims contained within the motion. As noted *supra*, the post-conviction court consolidated the petitioner's pro se motion with his petition for DNA analysis. It is uncontroverted that the petitioner's pro se motion was filed twenty years after the judgment became final in 2005. However, the petitioner contends the applicable one-year statute of limitations should be tolled due to extraordinary circumstances created by the misconduct of his trial counsel. In his motion, the petitioner alleges trial counsel was ineffective in explaining the evidence against him prior to pleading guilty, rendering his guilty plea unknowingly and involuntarily given. Specifically, the petitioner claims trial counsel visited him twice prior to his allocution, failed to adequately investigate forensic evidence, and gave the petitioner an "ultimatum: accept the plea offer" or "face near-certain conviction and a sentence more than three times that length." The petitioner also contends he did not comprehend "what he was pleading guilty to – specifically the consequences of a 30-year sentence at 100%."

Despite these allegations, each of these events occurred prior to the petitioner's allocution and, therefore, prior to the commencement of the one-year period in which he had to file a petition for relief. As such, these allegations, even if true, fail to demonstrate how the actions of the petitioner's trial counsel prevented him from filing his petition within the one-year statute of limitations under Tennessee Code Annotated section 40-30-102(a). Accordingly, the petitioner has failed to present a circumstance that establishes he is entitled to tolling of the statute of limitations. The post-conviction court's dismissal of his pro se motion was proper, and the petitioner is not entitled to relief.

## *Conclusion*

Based upon the foregoing authorities and reasoning, we affirm the judgment of the post-conviction court.

s/ **_J. ROSS DYER_**

J. ROSS DYER, JUDGE